[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On December 1, 1999, defendant-appellant, Mbiya Mitchem, was sentenced to nine months' incarceration after being found guilty of the offense of preparation of drugs for sale or distribution, a violation of R.C. 2925.07(A). On December 14, 1999, Mitchem filed a motion to amend his sentence. In that motion, Mitchem challenged the constitutionality of R.C. 2967.11, which allows the parole board to extend a sentence of incarceration for violations of prison rules, and R.C. 2967.28, which subjects an imprisoned offender to up to three years of post-release control by the parole board and possible further confinement after the completion of a sentence of incarceration. The trial court denied Mitchem's motion, from which he has filed a timely appeal to this court.
Mitchem presents for our review one assignment of error, claiming that both R.C. 2967.11 and 2967.28 are unconstitutional. Mitchem has failed to point to anything in the record to suggest that his prison term was extended or that any sanctions were imposed upon him for a violation of post-release control. Mitchem, therefore, lacks standing to raise a constitutional challenge to either statute. See State v. Davis
(Mar. 9, 2000), Cuyahoga App. No. 75975, unreported; State v.Spikes (1998), 129 Ohio App.3d 142, 717 N.E.2d 386. Thus, Mitchem's assignment of error is overruled.
We note, however, that in State v. Duncan (Apr. 14, 2000), Hamilton App. No. C-990582, unreported, this court declared R.C. 2967.28 unconstitutional. Therefore, should Mitchem later suffer a restraint of his liberty as a result of the application of R.C. 2967.28, such a restraint would be unlawful, and Mitchem would be entitled to avail himself of the recourse provided by R.C. Chapter 2725.
The judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Winkler, JJ.